# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 23-176** |
| v. | * | **SECTION: "R"** |
| **ANTOINE CLARK** | * | |
| **DIMITRI FRAZIER** | | |
| **SHIRLEY HARRIS** | * | |
| **ADONTE TURNER** | | |
| **TIFFANY TURNER** | * | |

\* \* \*

## PROTECTIVE ORDER

Considering the foregoing **UNOPPOSED MOTION FOR A PROTECTIVE ORDER** filed by the United States of America, and the reasons set forth therein,

**IT IS HEREBY ORDERED** that discovery materials produced by the United States shall be subject to the following conditions:

a. Counsel for the defendants, Richard Richthofen, Stephen Hebert, Michael Kennedy, David Arena, and William Murphy Doyle (hereinafter "defense counsel") and defendants, Antoine Clark, Dimitri Frazier, Shirley Harris, Adonte Turner, and Tiffany Turner (hereinafter "defense counsel") shall not use discovery produced by the United States in this matter (collectively, "Protected Material") for any purpose other than preparing a defense to this matter.

b. Defense Counsel will make the Protected Material available to the defendant for review under circumstances that ensure personal identifying information and references to Grand Jury matters are not further disseminated to the public.

c. Defense counsel shall not permit other persons to copy the Protected Material, and shall not disseminate copies of the Protected Material. However, defense counsel may make copies

necessary to prepare a defense, and may distribute copies to staff personnel assisting in the defense. The defense may also provide copies to any expert retained to assist in the defense of this matter. However, should counsel provide disclosure and copies to other individuals assisting in the defense of this matter, defense counsel shall provide such persons with a copy of this protective order and advise such persons that the Protected Material is not to be further copied or disseminated. Defense counsel will also ensure that such persons return all copies of the Protected Material as soon as reasonably practicable. Defense counsel shall also maintain an accurate inventory of all Protected Materials disseminated or released to individuals other than the defendant. This inventory shall include a list of all individuals that accessed or reviewed Protected Materials.

      d.      Prior to including any portion of a Protected Material in a public filing, the defendant will also adhere to the restrictions outlined in Rule 49.1 of the Federal Rules of Criminal Procedure (Privacy Protection for filings Made with the Court).

      e.      Disclosure consistent with this protective order shall be deemed authorized by law and not to violate 18 U.S.C. § 1905, the Privacy Act (5 U.S.C. § 552a, *et seq*.) or Rule 6(e) of the Federal Rules of Criminal Procedure.

      f.      At the conclusion of litigation in this case, defense counsel shall collect and return all Protected Material, and copies thereof, to the Government, and delete any digital copies thereof. Defense counsel shall be expressly responsible for retrieving all copies disseminated to his client(s), his staff, and any third parties, and returning those copies to the Government.

      g.      This order may be revised by the Court at any time upon a proper showing of cause, and nothing in this order shall preclude the defense upon a proper showing of cause from seeking

additional discovery from the United States or from conducting an independent investigation of the matter under indictment.

New Orleans, Louisiana, this 26th day of September, 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**