UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 23-176 |
| v. | * | SECTION: R |
| ANTOINE CLARK | * | |
| | * | |

\* \* \*

## FACTUAL BASIS

Should this matter have gone to trial, the government would have proved through the introduction of reliable testimony and admissible tangible exhibits, including documentary evidence, the following to support the allegation charged by the government in Count 1 of the Indictment against the defendant, **ANTOINE CLARK** ("**CLARK**"), charging him with a violation of Title 18, United States Code, Section 371, namely, conspiracy to commit wire fraud. The defendant, along with his co-conspirators and others, beginning at a time unknown and continuing through the present, in the Eastern District of Louisiana, and elsewhere, conspired to commit wire fraud in connection with a staged automobile accident that occurred on or about April 24, 2017.

At trial, the government would present telephone records showing that, between on or about April 23, 2017, and April 24, 2017, Coconspirator D exchanged numerous phone calls and text messages with **CLARK**, Shirley Harris ("Harris"), Coconspirator A, Coconspirator B, and Coconspirator C.

On or about April 24, 2017, **CLARK**, Harris, Coconspirator A, Coconspirator B, Coconspirator C, and Coconspirator D met at Harris's cousin's house. Coconspirator A got into

AUSA _[initials]_
Defendant _AC_
Defense Counsel _[initials]_

the driver's seat of Coconspirator B's 2016 Nissan Sentra ("Sentra"). **CLARK**, Harris, Coconspirator B, and Coconspirator C served as passengers while Coconspirator A drove.

At approximately 7:30 P.M., Coconspirator A intentionally collided the Sentra with a 2007 Peterbilt tractor-trailer owned by God's Way Trucking that Truck Driver A was driving west on Interstate 10 near the Crowder Boulevard exit. Truck Driver A was unaware that a collision had occurred and continued driving.

At trial, the government would present phone records showing that, between approximately 7:37 P.M. and 7:48 P.M., Coconspirator D exchanged phone calls with **CLARK**, Harris, Coconspirator A, Coconspirator B, and Coconspirator C. Coconspirator D requested updates on speakerphone. After the collision, Coconspirator A fled the scene and directed the passengers to tell NOPD that Coconspirator B had been driving. Coconspirator B got behind the wheel of the Sentra to make it appear that Coconspirator B was driving the vehicle at the time of the staged accident. Coconspirator A and Coconspirator D instructed the passengers over the phone not to let the truck get away so that a claim could be made. Coconspirator B drove the Sentra to locate the tractor-trailer.

At trial, the government would introduce body camera footage showing that **CLARK** and Coconspirator B falsely reported to the New Orleans Police Department ("NOPD") that the God's Way Trucking tractor-trailer had caused the collision and struck the Sentra. On the video, the NOPD officer told **CLARK** that it did not make sense that there was no paint transfer on the tractor-trailer, and **CLARK** said, "I just know he [the driver of the tractor-trailer] hit us."

The next day, **CLARK**, Harris, and Coconspirator B sought Attorney A's legal representation regarding the collision the day before.

AUSA
Defendant
Defense Counsel

God's Way Trucking and Truck Driver A were insured by Canal Insurance Company ("Canal"). If this case had proceeded to trial, the government would introduce records showing that, on or about September 27, 2017, Attorney A sent an email to a Canal representative regarding damages that Harris, **CLARK**, Coconspirator B, and Coconspirator C purportedly suffered from the April 24, 2017 collision. At trial, the government would present evidence that, in the following months, Canal and Attorney A negotiated a settlement of $10,000.00 for Coconspirator C. The government would introduce bank records showing that, on or about November 28, 2017, Coconspirator C negotiated a $10,000.00 settlement check he/she received from Canal to resolve his/her fraudulent claims about the April 24, 2017 staged collision.

The government would also introduce documentary evidence showing that, in the months following the staged collision, Harris and **CLARK** sought medical treatment to increase the value of their fraudulent claims.

At trial, the government would introduce court records showing that, on or about April 6, 2018, a Petition for Damages was filed against Canal, God's Way Trucking, and Truck Driver A on behalf of Harris, **CLARK**, and Coconspirator B in the Civil District Court for the Parish of Orleans, State of Louisiana ("CDC") ("Clark Lawsuit"). The Clark Lawsuit sought monetary damages premised on falsehoods regarding the April 24, 2017 collision. Specifically, the Clark Lawsuit falsely alleged that Truck Driver A had caused the collision and that Coconspirator B had been driving the Sentra at the time. The government would introduce court records showing that, on or about April 27, 2018, the Clark Lawsuit was removed to the U.S. District Court for the Eastern District of Louisiana.

The government would also introduce documentary evidence that, on or about October 18, 2018, **CLARK,** Harris, and Coconspirator B provided false deposition testimony in

AUSA *[initials]*
Defendant *[initials]*
Defense Counsel *[initials]*

connection with the Clark Lawsuit. **CLARK** falsely testified that Coconspirator B was driving the Sentra when the tractor-trailer struck the Sentra.

At trial, the government would introduce records showing that, on or about April 12, 2019, Attorney A electronically filed a Motion in Limine for Supplemental Responses to First Set of Request for Admissions for **CLARK**, Harris, and Coconspirator B in furtherance of the Clark Lawsuit. This filing stated that the damages for **CLARK**, Harris, and Coconspirator B exceeded $75,000 each. This pleading was filed through the USDC-EDLA's Case Management/Electronic Case Files ("CM/ECF") system, which caused the Motion in Limine to be electronically transmitted to Ashburn, Virginia, and then electronically transmitted to the Eastern District of Louisiana via electronic mail to counsel of record for Canal. At trial, witnesses would testify that Canal's counsel of record worked for a law firm whose private email server was in Elmwood, Louisiana.

On or about May 29, 2019, the Clark Lawsuit was stayed due to a suspected criminal investigation.

On or about June 11, 2020, **CLARK** was interviewed by agents with the Federal Bureau of Investigation ("FBI"). During the interview, **CLARK** admitted that Coconspirator A had been driving at the time of the collision. **CLARK** admitted that he had lied to NOPD about who was driving at the time of the collision because he felt that he had to go along with it.

In sum, the government's evidence would prove that the defendant, **CLARK**, conspired to commit wire fraud by causing Attorney A to electronically file a Motion in Limine for Supplemental Responses to First Set of Request for Admissions in furtherance of fraudulent claims against Truck Driver A and Canal, which caused a wire from Ashburn, Virginia, to the Eastern District of Louisiana.

AUSA _____
Defendant _____
Defense Counsel _____

## Limited Nature of Factual Basis

This proffer of evidence is not intended to constitute a complete statement of all facts known by **CLARK**, and/or the government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **CLARK**.

The above facts come from an investigation conducted by, and would be proven at trial by, credible testimony from, *inter alia*, Special Agents and forensic examiners from the Federal Bureau of Investigation and other witnesses and from admissible tangible exhibits in the custody of the FBI, including phone records, a police report, medical records, body camera footage, bank records, deposition transcripts, and civil filings.

READ AND APPROVED:

_Antoine Clark_ 10-28-24
ANTOINE CLARK
Defendant

_Richard Richthofen_ 10-28-24
RICHARD RICHTHOFEN
Counsel for Antoine Clark

_Maria Carboni_ 10/30/2024
MARIA M. CARBONI
Assistant United States Attorney

5